IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2013 JUN 27 PM 1:05
TEXAS-EASTERN
BY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:13CR 59 |
| v. | § | Judge LED/JKG |
| | § | |
| RICKY EVANS (01); and | § | |
| RYAN EVANS (02) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Introduction

At all times material to this indictment:

1. Defendant Ricky Evans, had been involved in the cattle and dairy business for approximately 30 years. During the past several years, Ricky Evans operated a calf raising program that involved purchasing calves and then raising and feeding them until they reached a desired weight gain, commonly referred to as "feed on the gain." Once the desired weight gain had been achieved, the calves would be sold at a profit.

2. Defendant Ryan Evans, son of Ricky Evans, assisted and provided labor for his father's prior dairy and, more recent, calf "feed on the gain" operations.

3. On December 14, 2006, an "Assumed Name Records Certificate Of Ownership For Unincorporated Business or Profession" document was filed in Hopkins County, Texas, that listed the business name "Sunny Point Cattle Co." located in Cumby, Texas. Defendants Ricky Evans and Ryan Evans, along with E. Faye Robinson, Brashear, Texas, were each listed as owners of Sunny Point Cattle Co. E. Faye Robinson

later removed her name as being an owner of Sunny Point Cattle Co. Ricky and Ryan Evans provided "feed on the gain" services to third parties, and conducted the necessary transactions in connection with said services, as "Sunny Point Cattle Co."

4.  Ricky Evans obtained financing from the Citizens National Bank (CNB), in Sulphur Springs, Texas, to purchase calves that were to be raised and fed in his "feed on the gain" operation. CNB maintained a security interest in the calves that Ricky Evans purchased with the CNB loan funds. CNB was aware that Ricky Evans provided "feed on the gain" services for third parties, in conjunction with his own "feed on the gain" operation. The terms of the CNB loan required Ricky Evans to maintain the ability to identify the calves that he had purchased with his CNB loan funds for security purposes.

5.  Ryan Evans obtained financing to purchase and raise calves from the Farm Service Agency (FSA), an agency of the United States Department of Agriculture (USDA). The FSA maintained a security interest in the calves Ryan Evans purchased with his FSA loan funds. FSA loan officers were aware that Ryan Evans intended to have Ricky Evans, provide "feed on the gain" services on Ryan Evans' FSA loan calves. FSA loan officers were also aware that Ricky Evans provided "feed on the gain" services for third parties. The terms of the FSA loans required Ryan Evans to maintain the ability to identify the calves he had purchased with his FSA loan funds for security purposes.

6.  Jacob Bowman (Bowman) had obtained a loan from the FSA to purchase and raise calves. The FSA maintained a security interest in the calves Bowman purchased with his FSA loan funds. FSA loan officers were aware that Bowman intended to have Ricky Evans provide "feed on the gain" services on Bowman's FSA

loan calves. The terms of the FSA loan required Bowman to maintain the ability to identify the calves he had purchased with his FSA loan funds for security purposes.

## Count One

Violation: 18 U.S.C. § 658
(Conversion of Mortgaged Property)

On or about September 15, 2011, in Hopkins County, Texas, in the Eastern District of Texas, **Ricky Evans**, defendant herein, did then and there, with the intent to defraud, knowingly remove, dispose of, and convert to his own use, and to the use of another, property, to-wit: approximately 72 head of cattle valued at approximately $54,210.59 which was at the time mortgaged to, pledged to, and held by the Secretary of Agriculture acting through the Farmers Home Administration or successor agency, to-wit: the Farm Service Agency (FSA), United States Department of Agriculture, in violation of 18 U.S.C. § 658.

## Count Two

Violation: 18 U.S.C. § 1014
(False Statement to Influence a Lending Institution)

On or about November 15, 2011, in Hopkins County, Texas, in the Eastern District of Texas, **Ricky Evans**, defendant herein, did then and there knowingly make a material false statement and willfully overvalue property and security, for the purpose of influencing the action of the Secretary of Agriculture acting through the Farmers Home Administration or successor agency, to-wit: the Farm Service Agency (FSA), in connection with a loan and FSA's deferment of foreclosure on said loan, in that the defendant, **Ricky Evans**, stated and represented to representatives of FSA through a Sunny Point Cattle Invoice dated November 15, 2011, depicting the purchase of 74 head of cattle for $56,591.50, in addition to feed and medicine charges for said cattle totaling $8,066.00, for an invoice total of $64,657.50, with the proceeds from a loan made by FSA to Jacob Bowman, when in truth and in fact, as said defendant well knew, said cattle had not been purchased with the proceeds from said loan and therefore neither Jacob Bowman nor FSA had an ownership or security interest in said cattle, in violation of 18 U.S.C. § 1014.

## Count Three

Violation: 18 U.S.C. § 1014
(False Statement to Influence Lending Institution)

On or about April 5, 2012, in Hopkins County, Texas, and in Rains County, Texas, in the Eastern District of Texas, **Ricky Evans**, defendant herein, did then and there knowingly make a material false statement and willfully overvalue property and security, for the purpose of influencing the action of an institution, the accounts of which are insured by the Federal Deposit Insurance Corporation (FDIC), to-wit: Citizens National Bank (CNB), in connection with a loan and CNB's deferment of foreclosure on said loan, in that the defendant, **Ricky Evans**, stated and represented to representatives of CNB that approximately 215 calves located at or near 2683 CR 4128 in Cumby, Hopkins County, Texas, and/or FM 47 in Rains County, Texas, had been purchased with the proceeds from a loan made by CNB to said defendant in the amount of approximately $215,000.00, when in truth and in fact, as said defendant well knew, said calves had not been purchased with the proceeds from said loan and the defendant did not have an ownership interest in said calves, in violation of 18 U.S.C. § 1014.

## Count Four

>Violation: 18 U.S.C. § 1014
>(False Statement to Influence a Lending Institution)

On or about April 11, 2012, in Hopkins County, Texas, and in Rains County, Texas, in the Eastern District of Texas, **Ricky Evans**, defendant herein, did then and there knowingly make a material false statement and willfully overvalue property and security, for the purpose of influencing the action of an institution, the accounts of which are insured by the Federal Deposit Insurance Corporation (FDIC), to-wit: Citizens National Bank (CNB), in connection with a loan and CNB's deferment of foreclosure on said loan, in that the defendant, **Ricky Evans**, stated and represented to representatives of CNB that approximately 215 calves located at or near 2683 CR 4128 in Cumby, Hopkins County, Texas, and/or FM 47 in Rains County, Texas, had been purchased with the proceeds from a loan made by CNB to said defendant in the amount of approximately $215,000.00, when in truth and in fact, as said defendant well knew, said calves had not been purchased with the proceeds from said loan and the defendant did not have an ownership interest in said calves, in violation of 18 U.S.C. § 1014.

## Count Five

> Violation: 18 U.S.C. § 371 (Conspiracy to make False Statements to Influence a Lending Institution)

### CONSPIRACY

On or about April 11, 2012, in Rains County, Texas, in the Eastern District of Texas and elsewhere, **Ricky Evans** and **Ryan Evans**, defendants herein, did willfully, unlawfully and knowingly combine, conspire, confederate and agree, with one another and with others known and unknown to the grand jury, to commit an offense against the United States, to-wit: False Statements to Influence a Lending Institution, in violation of 18 U.S.C. § 1014.

### MANNER AND MEANS

It was part of the conspiracy that defendants, **Ricky Evans** and **Ryan Evans**, devised a scheme and artifice to fraudulently obtain goods and services by means of false and fraudulent pretenses and representations. To effect the scheme, **Ricky Evans** and **Ryan Evans**, or one of them, made false representations to representatives of the Farm Service Agency (FSA).

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

(1) On or about April 12, 2012, in Rains County, Texas, in the Eastern District of Texas, **Ricky Evans** encouraged **Ryan Evans** to falsely represent to representatives of

the Farm Service Agency (FSA) that approximately 72 of approximately 130 calves located at or near Point, Rains County, Texas, and that approximately 63 calves located in Hunt County, Texas, had been purchased with the proceeds from a loan made to **Ryan Evans** by FSA;

(2) On or about April 12, 2012, in Rains County, Texas, in the Eastern District of Texas, **Ryan Evans** falsely represented to representatives of the Farm Service Agency (FSA) that approximately 72 of approximately 130 calves located at or near Point, Rains County, Texas, and that approximately 63 calves located in Hunt County, Texas, had been purchased with the proceeds from a loan made to **Ryan Evans** by FSA.

All in violation of 18 U.S.C. §§ 371 and 1014.

## Count Six

>Violation: 18 U.S.C. § 1014
>(False Statement to Influence a Lending Institution)

On or about April 12, 2012, in Rains County, Texas, in the Eastern District of Texas, **Ryan Evans**, defendant herein, did then and there knowingly make a material false statement and willfully overvalue property and security, for the purpose of influencing the action of the Secretary of Agriculture acting through the Farmers Home Administration or successor agency, to-wit: the Farm Service Agency (FSA), in connection with a loan and FSA's deferment of foreclosure on said loan, in that the defendant, **Ryan Evans**, stated and represented to representatives of FSA that approximately 72 of approximately 130 calves located at or near Point, Rains County, Texas, and that approximately 63 calves located in Hunt County, Texas, had been purchased with the proceeds from two loans made by FSA to said defendant totaling approximately $100,000.00, when in truth and in fact, as said defendant well knew, said calves had not been purchased with the proceeds from said loans and the defendant did not have an ownership interest in said calves, in violation of 18 U.S.C. § 1014.

NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461

As the result of committing one or more of the offenses alleged in this indictment, **Ricky Evans** and **Ryan Evans**, defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(c), 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation(s), including, but not limited to:

CASH PROCEEDS

Approximately $400,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

*DGR*
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

JIM NOBLE
Assistant United States Attorney

6-27-13
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 6:13CR_____ |
| v. | § | |
| | § | |
| RICKY EVANS (01); and | § | |
| RYAN EVANS (02) | § | |

## NOTICE OF PENALTY

### Count One

| | |
|---|---|
| Violation: | 18 U.S.C. § 658<br>(Conversion of Mortgaged Property) |
| Penalty: | A fine of not more than $250,000.00; imprisonment for not more than five (5) years; a term of supervised release of not more than three (3) years. 18 U.S.C. § 658. |
| Special Assessment: | $100.00 |

### Counts Two, Three, Four and Six

| | |
|---|---|
| Violation: | 18 U.S.C. § 1014<br>(False Statement to Influence a Lending Institution) |
| Penalty: | A fine of not more than $1,000,000.00; imprisonment for not more than thirty (30) years; a term of supervised release of not more than five (5) years. 18 U.S.C. § 1014. |
| Special Assessment: | $100.00 |

## Count Five

| | |
|---|---|
| Violation: | 18 U.S.C. § 371<br>(Conspiracy to make False Statements to Influence a Lending Institution) |
| Penalty: | A fine of not more than $250,000.00; imprisonment for not more than five (5) years; a term of supervised release of not more than three (3) years. 18 U.S.C. § 371. |
| Special Assessment: | $100.00 |