IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 6:13CR59 |
| | § | |
| RICKY EVANS (1) | § | |
| RYAN EVANS (2) | § | |

**ORDER**

Having considered Defendant RICKY EVANS's Motion for Continuance (Docket No. 23), the Court is of the opinion that said motion is meritorious and should be **GRANTED, and further directs that this order be applicable to all Co-Defendants in this case.**

As grounds for a continuance, counsel for Defendant EVANS contends that Sdditional time is necessary for Defendant's counsel to fully investigate the charges facing Defendant, and if a continuance is not granted, Defendant's right to effective assistance of counsel will be compromised.

Counsel for the Government does not oppose Defendant's motion for continuance.

Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act establish that a speedy trial and the prompt administration of justice are desirable ends that weigh against a continuance. Nonetheless, speed is neither the paramount, nor the only consideration. Many other important values may conflict with the need for speed in the trial of a criminal case. Delay in trial that promotes the fairness of the trial, and the purposes served by the trial, is delay well worth the administrative costs it may impose. Prompt justice must be fair, or it is not truly justice. "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render a right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. 575,

589 (1964); *Kirkpatrick v. Blackburn*, 777 F.2d 272, 278 (5th Cir. 1985), *cert. denied*, 476 U.S. 1178 (1986).

The ends of justice require this Court to continue the above entitled criminal action, giving consideration to Defense Counsel's expressed need for additional time as outlined above. The ends of justice outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

The Speedy Trial Act excludes from computation of the time between indictment and trial any delay resulting from the grant of a continuance, if the judge finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A); see *United States v. Eakes*, 783 F.2d 499 (5th Cir. 1986), *cert. denied*, 477 U.S. 906 (1986). It is so found, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), and in the exercise of the Court's discretion, it is found that the motion for continuance should be granted. Accordingly, it is

**ORDERED** that the motion for continuance should be, and is hereby, GRANTED. It is further

**ORDERED that this continuance applies to all co-defendants in this case**. It is further

**ORDERED** that the new dates and deadlines are as follows:

**DEADLINES:**

**Pretrial Motions Deadline: October 15, 2013 (Except Motions for Continuance)**

**Responses to Pretrial Motions Deadline: October 21, 2013**

**Deadline to file Motion for Continuance or notify Court of plea agreement:**

    **October 28, 2013 by 3:00 p.m.**

**COURT SETTINGS:**

    **PRETRIAL CONFERENCE, JURY SELECTION AND TRIAL:**

    **NOVEMBER 5, 2013 AT 9:00 AM**

    So ORDERED and SIGNED this 26th day of August, 2013.

    _____
    LEONARD DAVIS
    UNITED STATES DISTRICT JUDGE